FILED  
United States Court of Appeals  
Tenth Circuit

November 6, 2024

Christopher M. Wolpert  
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

WALTER MALDONADO-MAGNO;
ANDREA UCHUYPOMA-PALOMINO;
LOAN MALDONADO-UCHUYPOMA,

    Petitioners,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9604
(Petition for Review)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Petitioners, Walter Maldonado-Magno, Andrea Uchuypoma-Palomino, and their minor son, seek judicial review of the denial of their applications for asylum by the Board of Immigration Appeals (BIA or Board). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I.**

Petitioners are natives and citizens of Peru. The family entered the United States without authorization in 2022. The Department of Homeland Security (DHS) charged them with removability, and they applied for asylum and withholding of removal.[1]

As reflected in the Board's findings, beginning in early 2021, criminals extorted money from Petitioners at the restaurant they operated outside their home in the El Agustino district of Lima, Peru. The extortionists threatened to physically harm them if they did not pay. In January 2022, after Petitioners could no longer pay the amounts demanded, valuables were stolen from their home while they slept. A caller took credit for the robbery and again threatened harm if they did not pay the extortion. Petitioners went to the police with a video of the robbery, but the robber had worn a mask, and no arrest was made. They closed their restaurant for about a month, but after they reopened the extortion continued; the extortionists also harassed and robbed the Petitioners' customers. Petitioners closed the restaurant permanently in April 2022 and left Peru the following month, after briefly moving in with Ms. Uchuypoma's mother in another part of metropolitan Lima.

Following an April 2023 hearing, an immigration judge (IJ) denied Petitioners' applications for asylum and ordered their removal. The IJ found petitioners had not shown their alleged persecution was based on a protected ground. He noted they

---

[1] Petitioners also applied for protection under the Convention Against Torture but have not appealed the denial of that relief.

were never physically harmed and found they had not shown they were unable to earn a living in Peru, given Mr. Maldonado's successful work in construction and the viability of small businesses and restaurants in Peru, even if El Agustino was a "particularly difficult" district.  R. Vol. 1 at 56.  He also found they had not shown they were unable to safely return to Peru, including by moving to another location.  He therefore found they had not shown past persecution or a credible fear of future persecution to be eligible for asylum.

Petitioners appealed to the BIA, which affirmed the IJ's decision.  The BIA rejected Petitioners' contention that the IJ had not sufficiently developed the record, affirmed the IJ's findings, and concluded Petitioners had not established eligibility for asylum.  Petitioners now petition for review under 8 U.S.C. § 1252.

## II.

A single member of the BIA affirmed the IJ's decision.  We review that BIA decision, "but we are not precluded from consulting the IJ's more complete explanation of [the] same grounds" provided by the BIA.  *Aguayo v. Garland*, 78 F.4th 1210, 1216 (10th Cir. 2023) (internal quotation marks omitted).  We review legal determinations de novo and factual determinations using the substantial-evidence standard.  *Id.*  "Under the substantial-evidence standard, our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole."  *Id.* (internal quotation marks omitted).  The Board's "administrative findings of fact are conclusive unless any

3

reasonable adjudicator would be compelled to conclude to the contrary.'" 8 U.S.C. § 1252(b)(4)(B).

### III.

#### A.

Petitioners first argue the IJ denied them due process by not sufficiently developing the factual record related to Ms. Uchuypoma's political opinions. Though Petitioners are represented by counsel on appeal, they appeared pro se before the IJ. "[W]e have never 'explicitly recognized' that an 'IJ has an affirmative duty to develop the record when the applicant is not represented.'" *Arostegui-Maldonado v. Garland*, 75 F.4th 1132, 1147 (10th Cir. 2023) (quoting *Matumona v. Barr*, 945 F.3d 1294, 1304 (10th Cir. 2019)). But even assuming such a duty exists, Petitioners' argument is unavailing on this record. To show a denial of due process, Petitioners must show the record was "*prejudicially* inadequate." *Id.* (emphasis added).

Here, Ms. Uchuypoma testified she had "previously belonged to a political party," but then "stayed away from" politics to "focu[s] more on [her] job." R. Vol. 1 at 133. After she described the extortion Petitioners experienced without mentioning politics, the IJ asked her follow-up questions about her political involvement. *Id.* at 160–62. She testified that she had supported a particular candidate elected to the congress from El Agustino. The IJ asked if she had "any problems" because of her political involvement. *Id.* at 162. Petitioners emphasize that she was interrupted before finishing her answer to that question, however the IJ

4

next asked her if there was "anything else you'd like to tell me that we have not already covered?" *Id.* at 163.

The BIA described the IJ's examination as "very careful and thorough" and found he had "made sure that the evidentiary record was as complete as possible." *Id.* at 4. But even if we assume the IJ's colloquy was deficient, Petitioners have not shown they were prejudiced. Petitioners have identified no additional testimony or evidence related to Ms. Uchuypoma's political opinions or involvement that support their asylum claim. The only additional evidence they have identified is general news reports related to protests that followed Peruvian President Pedro Castillo's removal from office in December 2022. *See* Reply Br. at 7 (citing R. Vol. 1 at 213, 221, 223). Petitioners argue this shows a generally "volatile political climate." Opening Br. at 22. But even if so, these general reports do not show the extortion Petitioners specifically experienced more than a year earlier was on account of their political opinions. Petitioners therefore have not shown they were prejudiced by the IJ's allegedly deficient development of the record. *See Arostegui-Maldonado*, 75 F.4th at 1147 (rejecting claim the IJ inadequately developed record where petitioner did not identify additional evidence that would support his claim).

**B.**

Petitioners also ask us to overturn the Board's determination that they were ineligible for asylum. To be eligible for asylum, petitioners must show they are refugees within the meaning of the Immigration and Naturalization Act. *See* 8 U.S.C. §§ 1101(a)(42) & 1158(b)(1)(A). This requires them to "demonstrate either past

5

persecution or a well-founded fear of future persecution *on account of race, religion, nationality, membership in a particular social group, or political opinion.*" *Matumona*, 954 F.3d at 1300 (emphasis added; internal quotation marks and brackets omitted). "We have characterized the issue of whether an alien has established persecution as a question of fact." *Id.* (citing *Vicente-Elias v. Mukasey*, 532 F.3d 1086, 1091 (10th Cir. 2008)).[2]

To be eligible for asylum, Petitioners "must establish a 'nexus' between the alleged persecution and a protected ground." *Miguel-Peña v. Garland*, 94 F.4th 1145, 1159 (10th Cir. 2024), *petition for cert. filed* (U.S. July 9, 2024) (No. 24-12). "The protected ground must be at least one central reason for persecuting the applicant," and "cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Id.* (internal quotation marks omitted).

The Board here found Petitioners had not shown they were harmed on account of any protected ground, including political opinion. The Board reasoned that, although Ms. Uchuypoma had supported a local politician, "she did not testify to any problems that occurred, or harm that was suffered, due to her support of this political figure." R. Vol. 1 at 5. Here, Petitioners "were targeted for harm because they operated a small business that criminals perceived to be successful." *Id.* And "acts of common criminality or personal hostility," the Board explained, "do not implicate

---

[2] "Although the circuits are split on the standard of review applicable to the issue, the Supreme Court has yet to resolve it. Until it does, we are bound by our decision in *Vicente-Elias*." *Matumona*, 945 F.3d at 133 n.5 (citation omitted).

6

asylum eligibility." *Id.* (quoting *Vatulev v. Ashcroft*, 354 F.3d 1207, 1209 (10th Cir. 2003)).

We see no basis to overturn these findings. In support of their "nexus" argument, Petitioners reiterate that the IJ should have elicited further evidence and request remand to provide additional testimony regarding the extortionists' motives. Opening Br. at 26–27. But as we explained, Petitioners have not identified any additional testimony or evidence showing they were targeted for extortion because of their political opinions, so we cannot agree remand is warranted.

Beyond that, Petitioners argue the politician Ms. Uchuypoma supported was "progressive" and "campaigned on the promise of 'cleaning up' the gangs." *Id.* at 26. As Petitioners acknowledge, this is at most circumstantial, showing she supported an anti-gang politician and was thereafter victimized by a gang. But they also emphasize that many businesses in El Agustino suffer extortion. Ms. Uchuypoma described limited political involvement, at an uncertain time before she focused on running the restaurant. She did not testify that she was targeted for her political opinions or that the extortionists had a political motivation. Nothing in the record compelled the Board to find the extortionists targeted Petitioners on account of political opinions. Rather, the Board's finding that the extortionists were motivated by financial gain is supported by substantial evidence. *Accord Miguel-Peña*, 94 F.4th at 1160 (rejecting claim of nexus between extortion and alleged anti-gang political opinion; stating "[T]here is no nexus when there is no evidence that the gang would

7

be hostile toward the targeted individuals absent their financial or recruitment motives." (internal quotation marks omitted)).

While we are sympathetic to the Petitioners' circumstances, the legal standards we must apply compel affirmance on the record before us. Substantial evidence supports the BIA's finding of no nexus between the alleged persecution and a protected ground. Petitioners cannot establish eligibility for asylum without showing a nexus to a protected ground, so this issue is dispositive of their petitions, and we need not reach the other independent grounds also addressed by the Board. And, because Petitioners did not establish their eligibility for asylum, they also could not carry the higher burden required for withholding of removal. *See Escobar-Hernandez v. Barr*, 940 F.3d 1358, 1362 (10th Cir. 2019) (stating that because the burden of proof for withholding of removal is higher than for asylum, the "failure to meet the standard of proof for [an] asylum application forecloses [a] withholding-of-removal claim premised on the same facts").

## IV.

The petition for review is denied.

                                  Entered for the Court

                                  Veronica S. Rossman
                                  Circuit Judge